COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| SONIA CABALLERO DE RANGEL and ELIAZAR RANGEL, | § | No. 08-09-00138-CV |
| Appellants, | § | Appeal from |
| v. | § | 168th District Court |
| PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, | § | of El Paso County, Texas |
| | § | (TC # 2008-2201) |
| Appellee. | § | |

## O P I N I O N

Sonia Caballero de Rangel and Eliazar Rangel appeal from a summary judgment granted in favor of Progressive County Mutual Insurance Company. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

On October 20, 2001, the Rangels purchased a 2002 Chevrolet Tahoe. That same day, they obtained auto insurance coverage from Progressive for the vehicle and they renewed the policy each year through 2006. The Rangels drove the vehicle to Juarez, Mexico on June 3, 2006 and it was stolen. Ms. Rangel told a claims adjuster that she drove the vehicle to Juarez on a daily basis because her mother cared for her children. When the adjuster asked if she had driven it thirty times to Juarez in the month, Ms. Rangel stated, "No, approximately 20 times per month . . . I would estimate." Progressive denied the Rangels' theft claim based on a provision in the policy excluding coverage if the vehicle was driven into Mexico more than ten times in the thirty day period leading up to the actual date of loss.

The 2001 policy included the following language related to the Mexico coverage:

The coverages for **your covered auto** provided by this policy are extended to accidents occurring in Mexico within 25 miles of the United States border. This extension only applies for infrequent trips into Mexico that do not exceed ten days at any one time. [Emphasis in original].

The 2006 policy in effect at the time of the vehicle's theft included additional language defining the term "infrequent":

Coverage for **your covered vehicle** under this policy is extended to **accidents** occurring in Mexico, but only if within 25 miles of the United States border. This limited extension of coverage only applies to infrequent trips into Mexico that do not exceed ten (10) days at any one time. 'Infrequent trips' means less than 10 trips into Mexico during the thirty (30) day period leading up to and including the actual date of **loss** . . . . [Emphasis in original].

The Rangels filed suit alleging causes of action for breach of the insurance contract, common law insurance bad faith, negligence, negligent misrepresentation, negligent claims handling, and violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code. The claims are based on two distinct allegations. First, the Rangels assert that Progressive misrepresented the terms of the policy's Mexico coverage by representing when it sold the policy to them on October 20, 2001, that the Mexico coverage had no limit on the frequency of trips into Mexico. The negligent misrepresentation cause of action, and a portion of the DTPA and Insurance Code causes of action, are based on this allegation. We will refer to these as the misrepresentation causes of action. Second, the Rangels allege that Progressive wrongfully denied their theft claim in 2006. This allegation is the foundation of the Rangels' breach of contract, common law insurance bad faith, negligence, negligent claims handling, and the remainder of their DTPA and Insurance Code causes of action. We will refer to these as the denial of coverage claims.

Progressive filed a motion for summary judgment based on six grounds: (1) the summary judgment evidence conclusively established that there has been no breach of the Rangels' Texas Personal Auto Policy Insurance Policy; (2) the Rangels cannot establish the existence of an element

essential to their "bad faith" claim on which they bear the burden of proof at trial--that Progressive breached the Texas Personal Auto Policy insurance contract; (3) the summary judgment evidence conclusively established that there has been no actionable misrepresentation of the Rangels' Progressive Personal Auto Insurance Policy under Texas law; (4) the Rangels' statutory "bad faith" claim for unfair settlement practices under the Insurance Code and the DTPA fails for the same reason their common law "bad faith" cause of action fails; (5) Texas law does not recognize a cause of action for negligent claims handling; and (6) the Rangels' negligence and negligent misrepresentation causes of action, as well as the claims based on the Insurance Code and Deceptive Trade Practices Act, are barred by the applicable statute of limitation. The trial court granted summary judgment without specifying the basis for its ruling.

## STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). We review all summary judgments *de novo*. *Valence Operating Company v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The standard for reviewing a traditional summary judgment is well established: (1) the movant must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether a disputed issue of material fact exists that would preclude summary judgment, we take all evidence favorable to the non-movant as true; and (3) we indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985). When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm the summary judgment if any of the summary judgment grounds are meritorious. *Progressive*

*County Mutual Insurance Company v. Kelley*, 284 S.W.3d 805, 807 (Tex. 2009); *FM Properties Operating Company v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## STATUTE OF LIMITATIONS

In Issue Five, the Rangels challenge the granting of summary judgment on the statute of limitations affirmative defense. A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *University of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000); *KPMG Peat Marwick v. Harrison County Housing Finance Corporation*, 988 S.W.2d 746, 748 (Tex. 1999). The defendant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pled or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of its injury. *KPMG Peat Marwick*, 988 S.W.2d at 748. If the movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.*

By its summary judgment motion, Progressive asserted that the causes of action based on Progressive's alleged misrepresentation regarding the policy's Mexico coverage are barred by a two-year statute of limitations.[1] Ordinarily, the statute of limitations begins to run when a particular cause of action accrues. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996); *Fraga v. Drake*, 276 S.W.3d 55 (Tex.App.--El Paso 2008, no pet.). A cause of action generally accrues when a wrongful act causes

---

[1] Progressive specifically sought summary judgment on this ground with respect to the negligence, negligent representation, DTPA and Insurance Code claims. According to paragraphs 24 and 25 of the original petition, however, the negligence claim is not based on the 2001 misrepresentation but is based on Progressive's refusal to pay the theft claim. Progressive made clear in its summary judgment motion that the statutes of limitations ground was directed at the claims based on the alleged 2001 misrepresentation. Therefore, we have construed this ground of the summary judgment motion as being directed only at the negligent misrepresentation, DTPA and Insurance Code claims. We will address the negligence claim in the context of the issues pertaining to the denial of coverage claims.

a legal injury regardless of when the plaintiff discovers the injury or if all resulting damages have not yet occurred. *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998). The Rangels' negligent misrepresentation, DTPA and Texas Insurance Code causes of action are subject to a two-year statute of limitations. *See* Tex.Civ.Prac.&Rem.Code Ann. § 16.003(a)(Vernon Supp. 2009)(establishing two-year statute of limitations applicable to negligent misrepresentation); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998)(two-year statute of limitation applies to negligent misrepresentation); Tex.Bus.&Comm.Code Ann. § 17.565 (Vernon 2002)(establishing two-year statute of limitations for claims filed under the DTPA); Tex.Ins.Code Ann. § 541.162 (Vernon 2009)(establishing two year statute of limitations for unfair method of competition or unfair or deceptive act or practice claims under the Insurance Code).

The Rangels assert that on October 20, 2001, a Progressive agent informed them that the Mexico coverage had no limit on the frequency of trips into Mexico. The Rangels did not raise the discovery rule in their pleadings or in their response to the motion for summary judgment. Consequently, Progressive is not required to negate the applicability of the discovery rule by proving as a matter of law that there is no genuine issue of fact concerning the date when the Rangels discovered or should have discovered the injury. The summary judgment evidence established that Progressive sold the policy to the Rangels on October 20, 2001 and they did not file suit until June 2, 2008. Progressive proved as a matter of law that the negligent misrepresentation cause of action accrued on October 20, 2001 when the Rangels purchased the policy. Likewise, the DTPA and Texas Insurance Code claims based on the alleged misrepresentation also accrued on October 20, 2001. We find that Progressive proved as a matter of law that these causes of action were barred by the two-year statute of limitations. *See Franco v. Slavonic Mutual Fire Insurance Association*, 154 S.W.3d 777, 789 (Tex.App.--Houston [14th Dist.] 2004, no pet.). Issue Five is overruled. Because

we have overruled Issue Five, it is unnecessary to address Issues One, Two, and Four which pertain to the misrepresentation claims.

## THE DENIAL OF COVERAGE CLAIMS

In Issue Three, the Rangels argue that the trial court erred in granting summary judgment because there existed genuine issues of material fact concerning the formation of the contract for insurance and its breach. They seek to avoid application of the Mexico coverage limitation provision for two reasons. First, they contend that the contract is ambiguous. Second, they allege that Progressive fraudulently induced them to enter into the contract. As noted by Progressive in its brief, the Rangels did not plead ambiguity or fraudulent inducement in their petition and they did not include either issue in their summary judgment response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. TEX.R.CIV.P. 166a(c). Thus, the Rangels are not permitted to raise these arguments for the first time on appeal as a reason to reverse the summary judgment. *See* TEX.R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979)(summary judgment non-movant could not raise for first time on appeal additional fact issue that was not raised in its response); *Aguilar v. Trujillo*, 162 S.W.3d 839, 854 (Tex.App.--El Paso 2005, pet. denied)(issue waived where non-movant did not present it in the summary judgment response).

Progressive sought summary judgment on the breach of contract, common law bad faith, and the remainder of the DTPA and Insurance Code claims on four grounds. The Rangels's brief includes an issue generally challenging the granting of summary judgment on their breach of contract claim, but the brief does not address the ground actually raised by Progressive's motion for summary judgment on that claim. Further, the Rangels have not addressed any of those grounds aimed at the other denial of coverage causes of action. An appellant must attack every ground upon which

summary judgment could have been granted to obtain a reversal. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). When the appellant does not expressly challenge every ground by specific points of error, or a broad issue, the summary judgment must be affirmed if there is an unchallenged ground upon which the trial court could have based the summary judgment. *Id.*; *see Plexchem International, Inc. v. Harris County Appraisal District*, 922 S.W.2d 930, 930-31 (Tex. 1996)(a general point of error stating that "[t]he trial court erred by granting [the] motion for summary judgment" is sufficient to preserve all possible grounds on which summary judgment could have been denied). Further, it is not sufficient to merely raise a general or specific issue; the appellant must also support the issue with argument and authorities. *See Cruikshank v. Consumer Direct Mortgage, Inc.*, 138 S.W.3d 497, 502-03 (Tex.App.--Houston [14th Dist.] 2004, pet. denied)(a general *Malooly* issue statement only preserves a complaint if the ground challenged on appeal is supported by argument); *Pena v. State Farm Lloyds*, 980 S.W.2d 949, 959 (Tex.App.-- Corpus Christi 1998, no pet.)(*Malooly* allows the non-movant to argue broadly on appeal under a general point of error, but does not relieve an appellant of the burden to challenge the grounds for the summary judgment and to present argument for his case on appeal); *see also Plexchem International*, 922 S.W.2d at 930-31 (holding that appellant preserved error on an issue where, in addition to stating a broad point of error asserting the court erred in granting summary judgment, appellant's brief presented three pages of argument and authorities on the issue); Tᴇx.R.App.P. 38.1(i)(an appellant's brief must contain a clear and concise argument for the contention made, with appropriate citations to authorities and to the record).

Because the Rangels have failed to challenge the grounds on which summary judgment could have been granted on their breach of contract, bad faith, and the remaining DTPA and Insurance Code claims, we are required to affirm the granting of summary judgment on those claims. *See*

*Juarez v. Longoria*, 303 S.W.3d 329 (Tex.App.--El Paso 2009, no pet.). Issue Three is overruled.

**NEGLIGENT CLAIMS HANDLING**

The Rangels do not present any issue on appeal with respect to the granting of summary judgment on their negligent claims handling cause of action. Progressive argued in their summary judgment motion that Texas does not recognize a cause of action for negligent claims handling. Based on the authority cited in the discussion of Issue Three, we find that the Rangels have waived any error as to the granting of summary judgment on that ground. *See Juarez v. Longoria*, 303 S.W.3d at 329. Having overruled Issues Three and Five, we affirm the summary judgment.


August 24, 2010

      ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.
Rivera, J., not participating