

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

SAMUEL CAMPOS,                                              No. 08-13-00289-CV

§

                  Appellant,                              Appeal from the

§

v.                                                                        109th District Court

§

TEXAS PROPERTY AND CASUALTY                      of Winkler County, Texas
INSURANCE GUARANTY                             §
ASSOCIATION for Reliance National
Indemnity Company, Impaired Insurer,      §        (TC# 14,553)

                  Appellee.

## **O P I N I O N**

This is a workers' compensation case. The injured worker appeals from a no-evidence summary judgment granted in favor of the Carrier. The Carrier moved for summary judgment on several grounds, and the trial court granted summary judgment without specifying the basis for its ruling. In both his response to the motion for summary judgment and his brief in this Court, the injured worker addressed only one of the grounds raised by the Carrier. The law is clear. We must uphold the summary judgment in favor of the Carrier because the injured worker failed to address all possible grounds for the trial court's summary judgment.

### **BACKGROUND**

Samuel Campos was an oilfield worker who suffered a workplace injury in November

1999. Campos filed a workers' compensation claim, and in June 2003, a benefit contested case hearing was held before a hearing officer for the Division of Workers' Compensation[1] "to determine the following issues":

1. What is the impairment rating?

2. Is the Claimant entitled to reimbursement of travel expenses for medical treatment at the direction of Dr. Mahaffey [sic], and if so, for what amount?

Campos contended his impairment rating should be 30% as found by his treating doctor, Dr. Mehaffey.[2] Dr. Mehaffey utilized the range of motion (ROM) model in arriving at his 30% impairment rating. The Carrier, Texas Property and Casualty Insurance Guaranty Association, contended Campos' impairment rating was 6% as found by the designated doctor, Dr. McCarty, in part because Dr. Mehaffey's impairment rating used the ROM model. In his report, the designated doctor criticized Dr. Mehaffey's use of the ROM model, stating that for the cervicothoracic and lumbosacral regions of the spine, Dr. Mehaffey should have utilized the DRE injury model[3] instead:

---

[1] The Texas Workers' Compensation Commission was the agency formerly charged with administration of the Texas Workers' Compensation Act. The legislature abolished the Commission on September 1, 2005, and transferred its responsibilities to the Texas Department of Insurance, Division of Workers' Compensation. Act of May 29, 2005, 79th Leg., R.S., ch. 265, §§ 8.001(b), 8.004(a), 2005 Tex. Gen. Laws 469, 607–08. *See Fireman's Fund Ins. Co. v. Weeks*, 259 S.W.3d 335, 338 n.2 (Tex.App. -- El Paso 2008, pet. denied). The term "Division" and abbreviation "DWC" are used herein to refer to both the former Commission and the Division of Workers' Compensation.

[2] An employee receives impairment income benefits according to the employee's impairment rating, which is the percentage of the whole body's permanent impairment. *See* TEX.LAB.CODE ANN. §§ 401.011(24), 408.124. To determine the impairment rating, an examining doctor evaluates the permanent effect of the employee's injury under statutory guidelines. *See* TEX.LAB.CODE ANN. § 408.124. The doctor expresses the rating as a percentage of permanent impairment to the whole body. *See* TEX.LAB.CODE ANN. §§ 401.011(24), 408.124. The greater this percentage, the greater the amount the employee receives as impairment income benefits. *See State Office of Risk Management v. Rodriguez*, 355 S.W.3d 439, 445 (Tex.App. -- El Paso 2011, pet. denied).

[3] The principal methodology utilized in the applicable fourth edition of the AMA Guides is its injury model, which uses objectively verifiable evidence to place patients into one of eight diagnosis-related estimate (DRE) categories. *Fireman's Fund Ins.*, 259 S.W.3d at 340. Under the injury model, an examining doctor uses medical history, physical examination, and other medical data to determine the appropriate impairment category. *Id.* The Guides also permit the use of certain differentiators, if necessary, in order to place the patient in the proper impairment category. *Id.* at 340-41.

Please note – in reviewing Dr. Mehaffey's impairment rating, Mr. Campos clearly fits DRE category I for the cervicothoracic region. He does not correlate with any of the differentiators for impairment into any other category. He also clearly fits DRE category II, lumbosacral region. There has been no positive NCS/EMG for radiculopathy in either the cervical or lumbar regions. In either case, there is no need to use the ROM model for impairment purposes as the Guides clearly state that the injury model is used in preference to the ROM and that the ROM model is used only if DRE category is not clearly defined.

In his decision, the hearing officer made the following findings of fact concerning the impairment rating:

10. Dr. Mehaffey, the treating chiropractor, provided an impairment rating of 30% on February 12, 2002. The 30% impairment rating of Dr. Mehaffey includes a 21% impairment rating for loss of range of motion.

11. On July 25, 2002, Dr. McCarty, the designated doctor, selected by the Commission, provided a 6% impairment rating using the AMA Guides, 4th Edition.

12. Dr. McCarty specifically notes Dr. Mehaffey's impairment rating in his July 25, 2002, report and explains why the DRE category was used in this case as opposed to the Range of Motion model used by Dr. Mehaffey.

13. The determination of the designated doctor is not contrary to the great weight of the other medical evidence.

The hearing officer held that Campos' impairment rating was 6% as determined by Dr. McCarty, the designated doctor, and that Campos was not entitled to reimbursement of travel expenses for his medical treatment with Dr. Mehaffey.

Campos appealed the hearing officer's decision to the workers' compensation Appeals Panel, who affirmed the hearing officer's decision. The Appeals Panel noted that when a designated doctor is chosen by the Commission, his report has presumptive weight and his

assignment of an impairment rating must be utilized unless the great weight of the other medical evidence is to the contrary.[4]   The Appeals Panel concluded that the hearing officer's decision that the impairment rating was 6% as reported by the designated doctor was not so against the great weight and preponderance of the evidence as to be clearly wrong or unjust.   The Appeals Panel also concluded that the hearing officer's decision that Campos was not entitled to reimbursement of his travel expenses was not against the great weight and preponderance of the evidence.

Campos filed suit in district court for judicial review of the Appeals Panel decision. Campos alleged in his petition that the Appeals Panel had made its determination "after considering the following issues":

1.  What is the impairment rating?

2.  Is the Claimant entitled to reimbursement of travel expenses for
    medical treatment at the direction of Dr. Mehaffey, and if so, for
    what amount?

Campos sought review of the "issues above stated" that he had a 6% impairment rating and that he was not entitled to reimbursement of travel expenses for medical treatment and asked for judgment "that Claimant's impairment rating is thirty percent (30%) as assessed by Mark Mehaffey, D.C., Claimant's treating doctor," and "that Claimant is entitled to reimbursement of travel expenses for medical treatment at the direction of Dr. Mehaffey."   Campos also sought an award of attorney's fees.

The Carrier filed a no-evidence motion for summary judgment.   The Carrier contended that Campos had the burden to show Dr. Mehaffey's 30% impairment rating was assessed in accordance with the AMA Guides and the applicable DWC Rules and that there was no evidence

---

[4] *See* TEX.LAB.CODE ANN. § 408.125(a, c) (the report of a designated doctor selected by the Division "shall have presumptive weight, and the division shall base the impairment rating on that report unless the preponderance of the other medical evidence is to the contrary").

"to show that Dr. Mehaffey properly applied the [AMA] Guides, or that the 30% impairment rating he assessed is valid under DWC Rules 130.5(e) and 130.1(c)(3)." The Carrier's motion first discussed how the 30% impairment rating assessed by Dr. Mehaffey was invalid as a matter of law because it utilized the ROM model and thus was not assessed in accordance with the AMA Guides. The Carrier then discussed how "[e]ven if use of the ROM Model had been permissible under the Guides, Dr. Mehaffey's impairment rating does not properly follow that Model in calculating the impairment rating." The Carrier's motion further contended that Dr. Mehaffey's report failed to comply with the Division Rule 130.1(c)(3) for the certification of impairment ratings. The Carrier also contended that Campos was not entitled to reimbursement for travel expenses because there was no evidence to show treatment for his compensable injury was not reasonably available within 20 miles of his residence or that it was reasonably necessary for him to travel as he did to obtain treatment. The Carrier also asserted that Campos could not recover attorney's fees for bringing suit since he, not the Carrier, had filed suit to review the Appeals Panel decision.

In his response to the Carrier's no-evidence motion for summary judgment, Campos addressed only the Carrier's assertion that it was entitled to summary judgment because Dr. Mehaffey's impairment rating was invalid as a matter of law because it did not comport with the AMA Guides. Campos contended "there was no issue submitted to the Appeals Panel challenging the validity of Dr. Mehaffey's rating as a matter of law," and the "Appeals Panel did not address or decide whether Dr. Mehaffey's report was invalid as a matter of law." Campos argued that the trial court could not grant summary judgment on that ground because, under Section 410.302(b) of the Texas Labor Code, judicial review "is limited to issues decided by the appeals panel." Campos did not address the merits of the Carrier's other contentions, including

5

that Dr. Mehaffey did not follow the AMA Guides in applying the ROM model and that Dr. Mehaffey's report failed to comply with Rule 130.1(c)(3) for the certification of impairment ratings.

Campos appeals to this Court on one issue:

> Did the trial court err in granting TPCIGA's no evidence summary judgment because Dr. Mahaffey's [sic] 30% impairment rating was invalid as a matter of law under the AMERICAN MEDICAL ASSOCIATION GUIDES TO THE EVALUATION OF PERMANENT IMPAIRMENT, when such claim was not presented to nor determined by the DWC?

Campos limits the argument in his brief to the same argument he made in his response in the trial court. He again contends that the neither the hearing officer nor the Appeals Panel considered whether Dr. Mehaffey's 30% impairment rating was invalid as a matter of law under the AMA Guides, and that thus the trial court could not have properly granted summary judgment on that ground because Section 410.302(b) limits judicial review to "issues decided by the appeals panel." He argues that "[t]o allow a challenge to the validity of an impairment rating at the judicial review level of adjudication, when no such challenge was presented at the administrative level, is contrary to the intent of the Act and would allow trial by ambush."

The Carrier responds in part that this Court must affirm the summary judgment in its favor because (1) in the trial court, Campos failed to address all of the grounds raised by the Carrier in its motion for summary judgment, and (2) in this Court, Campos failed to attack all the possible grounds for the trial court's summary judgment in his brief. We agree and affirm the trial court's summary judgment.

## STANDARD OF REVIEW

We review all summary judgments *de novo*. *Valence Operating Co. v. Dorsett*, 164

6

S.W.3d 656, 661 (Tex. 2005); *Rangel v. Progressive County Mut. Ins. Co.,* 333 S.W.3d 265, 267 (Tex.App. -- El Paso 2010, pet. denied). A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard of review. *Moore v. City of Wylie*, 319 S.W.3d 778, 781 (Tex.App. -- El Paso 2010, no pet.); *Viasana v. Ward County*, 296 S.W.3d 652, 654 (Tex.App. -- El Paso 2009, no pet.). The party moving for no-evidence summary judgment must assert there is no evidence of one or more essential elements of a claim or defense on which the non-movant would have the burden of proof at trial. *Moore*, 319 S.W.3d at 781; *Viasana*, 296 S.W.3d at 654; *see* TEX.R.CIV.P. 166a(i). The burden then shifts to the non-movant to produce evidence raising a fact issue on the challenged elements. *Moore*, 319 S.W.3d at 781; *Viasana*, 296 S.W.3d at 654.

### FAILURE TO ADDRESS ALL SUMMARY JUDGMENT GROUNDS

Campos had the burden of proof in the trial court because he appealed from the Appeals Panel decision. TEX.LAB.CODE ANN. § 410.303 (the party appealing an Appeals Panel decision on compensability "has the burden of proof by a preponderance of the evidence"); *State Office of Risk Mgmt.*, 355 S.W.3d at 446; *Fireman's Fund Ins.*, 259 S.W.3d at 339. In particular, Campos had the burden to prove that his treating doctor's 30% impairment rating should be adopted over the designated doctor's 6% impairment rating. *See* TEX.LAB.CODE ANN. § 410.306(c) (evidence of extent of impairment is limited to that presented to the Division of Workers' Compensation, and the court or jury must adopt one of the impairment ratings so presented); *State Office of Risk Mgmt.*, 355 S.W.3d at 446; *Fireman's Fund Ins.*, 259 S.W.3d at 339. In seeking judicial review of the Appeals Panel decision, Campos specifically requested judgment "that Claimant's impairment rating is thirty percent (30%) as assessed by Mark Mehaffey, D.C., Claimant's treating

7

doctor."

The Carrier sought summary judgment on several grounds. The Carrier not only contended the 30% impairment rating assessed by Dr. Mehaffey was invalid as a matter of law because it utilized the ROM model and was thus not assessed in accordance with the AMA Guides,[5] but also contended that even if use of the ROM Model had been permissible under the Guides, Dr. Mehaffey's impairment rating did not properly follow that Model in calculating the impairment rating, and further contended that Dr. Mehaffey's report failed to comply with the Division Rule 130.1(c)(3) for the certification of impairment ratings.[6] The Carrier also argued Campos had no evidence to show he was entitled to reimbursement of travel expenses and that Campos could not recover attorney's fees for bringing suit since he, not the Carrier, had filed suit to review the Appeals Panel decision.[7] In both his response to the Carrier's motion for summary judgment and in his brief in this Court, however, Campos addressed only the ground that Dr. Mehaffey's 30% impairment rating was invalid as a matter of law because it utilized the ROM model in contravention of the AMA Guides, arguing that this "issue" could not be considered under Section 410.302(b) of the Texas Labor Code, because it was not an issue "decided by the appeals panel." Campos' failure in the trial court and in this Court to address all the grounds raised by the Carrier compels this Court to affirm the summary judgment.

In summary judgment proceedings, issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for

---

[5] *See American Zurich Ins. Co. v. Samudio*, 370 S.W.3d 363, 368 (Tex. 2012) (an impairment rating is invalid if it is not adopted in compliance with AMA Guides); *see also Fireman's Fund Ins.*, 259 S.W.3d at 342 (impairment rating was legally insufficient because rating was based upon a factor not permitted by the Guides).
[6] *See* 28 TEX.ADMIN.CODE ANN. § 130.1(c)(3) (setting out the requirements to be followed in "assigning the impairment rating").
[7] *See* TEX.LABOR CODE ANN. § 408.221(c) (limiting an award of attorney's fees to only cases in which the carrier seeks judicial review).

reversal. TEX.R.CIV.P. 166a(c). In his response in the trial court, Campos did not address the Carrier's grounds that Campos had no evidence to show he was entitled to reimbursement of travel expenses and that Campos could not recover attorney's fees since he, not the Carrier, had filed suit to review the Appeals Panel decision. Nor did he address the Carrier's grounds that even if use of the ROM Model had been permissible under the Guides, Dr. Mehaffey's impairment rating could not be adopted because he did not properly follow the ROM Model in calculating the impairment rating, and that Dr. Mehaffey's report failed to comply with the Division Rule 130.1(c)(3) for the certification of impairment ratings. Thus, Campos is not permitted to raise these arguments for the first time in this appeal as reasons to reverse the summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (summary judgment non-movant could not raise for the first time on appeal additional fact issue that was not raised in its response); *Rangel*, 333 S.W.3d at 269 (non-movant's claims of ambiguity and fraud in the inducement could not be raised for the first time on appeal because they were not raised in non-movant's response); *Harris v. Ebby Halliday Real Estate, Inc.*, 345 S.W.3d 756, 759-60 (Tex.App. -- El Paso 2011, no pet.) (non-movant's failure to address the standard of care element in response to no-evidence motion for summary judgment resulted in affirmance of summary judgment on appeal).

Further, the trial court's order does not specify the basis for granting summary judgment. When the trial court does not specify the basis for granting a summary judgment, the appealing party has the burden to challenge and negate all the grounds that could support the judgment. *Harris*, 345 S.W.3d at 759; *Moore*, 319 S.W.3d at 781. If summary judgment could have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed. *Moore*, 319 S.W.3d at 782; *Harris*, 345 S.W.3d at 759 ("Any summary judgment ground that is

9

not addressed, will be presumed to be valid."). Campos' brief does not challenge the trial court's summary judgment on the travel reimbursement issue or the attorney's fee issue. Thus, we affirm the summary judgment as to those issues.

In his brief, Campos also does not address the alternative, independent grounds that would support summary judgment on his impairment rating claim, *i.e.*, the Carrier's contentions that even if use of the ROM Model had been permissible under the Guides, Dr. Mehaffey's impairment rating still could not be adopted because it did not properly follow that Model in calculating the impairment rating, and that Dr. Mehaffey's report failed to comply with the Division Rule 130.1(c)(3) for the certification of impairment ratings. While Campos' brief includes a statement of the issue that challenges the granting of summary judgment on his impairment rating claim, that issue is specifically limited to the argument that the trial court erred in granting a no-evidence summary judgment "because Dr. Mahaffey's [sic] 30% impairment rating was invalid as a matter of law under the American Medical Association Guides to the Evaluation of Permanent Impairment, when such claim was not presented to nor determined by the DWC." This issue does not challenge the alternative, independent grounds for summary judgment on the impairment rating. And, Campos likewise limits the argument in his brief to the contention that neither the hearing officer nor the Appeals Panel considered whether Dr. Mehaffey's 30% impairment rating was invalid as a matter of law under the AMA Guides, and that thus the trial court could not have properly granted summary judgment on the ground that Dr. Mehaffey's impairment rating was invalid as a matter of law because Section 410.302(b) limits judicial review to "issues decided by the appeals panel."[8] An appellant must attack every ground upon which summary judgment

---

[8] Campos appears to argue that the trial court was "without jurisdiction" to consider this issue. It is unclear whether Campos is contending that (1) Section 410.306(c), which limits the evidence of impairment at trial to "that presented

10

could have been granted to obtain a reversal. *Rangel*, 333 S.W.3d at 269; *see Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). When the appellant does not expressly challenge every ground by specific points of error, or a broad issue, the summary judgment must be affirmed if there is an unchallenged ground upon which the trial court could have based the summary judgment. *Rangel*, 333 S.W.3d at 269; *see Malooly Bros., Inc.*, 461 S.W.2d at 121. Further, it is not sufficient to merely raise a general or specific issue; the appellant must also support the issue with argument and authorities. *Rangel*, 333 S.W.3d at 270; *see Cruikshank v. Consumer Direct Mortgage, Inc.,* 138 S.W.3d 497, 502-03 (Tex.App. -- Houston [14th Dist.] 2004, pet. denied) (a general *Malooly* issue statement only preserves a complaint if the ground challenged on appeal is supported by argument); Tex.R.App.P. 38.1(i) (an appellant's brief must contain a clear and concise argument for the contention made, with appropriate citations to authorities and to the record). Campos' brief contains neither a broad issue nor argument that would cover the alternative, independent grounds for summary judgment on his impairment rating claim. Thus, we affirm summary judgment as to that claim as well.[9]

---

to the division," is jurisdictional; or (2) Section 410.302(b), which limits trial "to issues decided by the appeals panel," is jurisdictional; or (3) both are jurisdictional. We note that the Texas Supreme Court has explicitly held that the evidence limitation in Section 410.306(c) is not jurisdictional. *Samudio*, 370 S.W.3d at 367 (holding section 410.306(c) "does not limit the trial court's subject matter jurisdiction"). In so holding, the Supreme Court stated that "so long as the appealing party has exhausted its administrative remedies," an appeal of an impairment rating assigned by the Division "is the type of case for which judicial review is available under the Act." *Id.* This language suggests that Section 410.302(b), which limits trial "to issues decided by the appeals panel," also does not limit the trial court's subject matter jurisdiction. We need not address that question here, however, because even if we assume the trial court was without jurisdiction to determine whether Dr. Mehaffey's impairment rating was invalid because it was not raised as an "issue" before the DWC under Section 410.302(b), the trial court had jurisdiction to consider the alternative, unchallenged grounds raised by the Carrier.

[9] While we express no opinion on the scope or effect of the term "issues decided by the appeals panel" in Section 410.302(b), we note (1) that the hearing officer designated "[w]hat is the impairment rating" as one of the "issues" in the case; (2) that the designated doctor discussed and criticized Dr. Mehaffey's use of the DRE model; and (3) that the hearing officer noted that criticism in his decision. While the hearing officer did not rule specifically that Dr. Mehaffey's impairment rating was invalid as a matter of law for noncompliance with the Guides, it appears that the invalidity of Dr. Mehaffey's impairment rating for failure to follow the Guides was raised and litigated before the Division.

**CONCLUSION**

Accordingly, we overrule Campos' sole point of error and affirm the trial court's summary judgment.


December 30, 2014                                STEVEN L. HUGHES, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.