**Opinion filed February 28, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00064-CV

_____

## WILLIAM S. WATSON AND JODI WATSON, Appellants

## V.

## MYRON LYNN SCHRADER, Appellee

**On Appeal from the 42nd District Court**

**Coleman County, Texas**

**Trial Court Cause No. CV06350**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment. Appellants, William S. Watson and Jodi Watson, filed the underlying suit against Appellee, Myron Lynn Schrader, on October 27, 2016. Appellants asserted that Appellee breached fiduciary duties that he owed to them as the executor of the estates of Oran Hollas Watson and Mary Tom Watson and as the trustee of the Watson Family Trust. Appellants also asserted causes of action for common law fraud, negligent misrepresentation, fraud by nondisclosure, and conversion. Appellants included a section in their original petition asserting that all of their causes of action were timely filed under the

discovery rule, the "Texas Continuing Violation Doctrine," the "Continuing Trespass Doctrine," and the 25-year statute of limitations for title to real estate.

In his answer, Appellee asserted numerous affirmative defenses, including limitations, lack of privity, accord and satisfaction, release, res judicata, waiver, and Appellee's lack of liability in the capacity in which he was sued. Appellee subsequently filed a traditional motion for summary judgment wherein he asserted that he was entitled to summary judgment as a matter of law on his affirmative defenses. Appellee presented summary judgment grounds for each of his affirmative defenses. After holding a hearing on Appellee's motion for summary judgment, the trial court entered a written order granting Appellee's motion for summary judgment on all of the affirmative defenses asserted by Appellee.

Appearing pro se on appeal, Appellants present two issues. In their first issue, Appellants ask: "Did the district court err by negating and/or including critical evidence not presented at Summary Judgment hearing?" Appellants primarily direct their first issue at the trial court's consideration of a Rule 11 Agreement relied upon by Appellee in support of his defense of release. In their second issue, Appellants pose the following question: "Is there factually sufficient evidence to support the reverse and remand of the Summary Judgment decision given by the District Court? In advancing this issue, it appears that Appellants are asserting that there were material fact issues that precluded summary judgment.

At the outset, we note that our consideration of Appellants' arguments is problematic for three reasons. First, as set forth in greater detail below, Appellants have presented an argument for the first time in their reply brief rather than in their initial brief. Second, Appellants' response to Appellee's motion for summary judgment does not appear in the clerk's record. However, both Appellee and Appellants have attached copies of Appellants' response that does not bear a "filed" mark. This response is attached to the appendices of the parties' initial briefs. *See*

2

*WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("[W]e cannot consider documents attached as appendices to briefs and must consider a case based solely upon the [appellate] record filed."). Third, Appellants rely on documents attached as exhibits to their original petition. Pleadings are not competent summary judgment evidence, even if sworn or verified. *Heirs of Del Real v. Eason*, 374 S.W.3d 483, 487 (Tex. App.—Eastland 2012, no pet.). In our discussion, we will limit ourselves to the record before us and those matters upon which the parties, in their respective briefs and in the record that we do have, seem to agree or, at least, do not seem to disagree.

We review a trial court's grant of summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). When reviewing a summary judgment, we review the evidence in the light most favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts against the motion. *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833 (Tex. 2018) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)).

As noted previously, Appellee sought summary judgment on all of his affirmative defenses, and the trial court entered summary judgment in his favor on all of the affirmative defenses. As we noted in *Matlock v. Fitzgerald*, No. 11-15-00211-CV, 2017 WL 4844439, at *3 (Tex. App.—Eastland Oct. 26, 2017, no pet.) (mem. op.):

> An appellant must attack all independent bases or grounds that support the judgment that he challenges on appeal. *See Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Harris v. Gen. Motors Corp.*, 924 S.W.2d 187, 188 (Tex. App.—San Antonio 1996, writ denied). If he does not prevail on his challenge to each independent basis supporting the judgment, we must affirm the judgment. *See Britton*, 95 S.W.3d at 681; *Harris*, 924 S.W.2d at 188.

3

In the context of summary judgment, the appealing party must negate all possible grounds upon which the summary judgment order could have been based. *See Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Ramirez v. First Liberty Ins. Corp.*, 458 S.W.3d 568, 571–72 (Tex. App.—El Paso 2014, no pet.); *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied); *see also FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000) (The reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious.). If a defendant was entitled to summary judgment on any one affirmative defense, we must affirm the trial court's judgment. *See Ten-Booms v. Obregon*, No. 03-09-00713-CV, 2011 WL 2162884, at *5 n.1 (Tex. App.—Austin June 3, 2011, no pet.) (mem. op.).

An appellant can negate all possible grounds upon which the summary judgment order could have been based by asserting a separate issue challenging each possible ground. *Ramirez*, 458 S.W.3d at 571; *Jarvis*, 298 S.W.3d at 313. Alternatively, a party can raise an issue that broadly asserts that the trial court erred by granting summary judgment and, within that issue, provide arguments negating all possible grounds upon which summary judgment could have been granted. *See Star–Telegram*, 915 S.W.2d at 473; *Ramirez*, 458 S.W.3d at 571–72; *Jarvis*, 298 S.W.3d at 313. It is not sufficient to merely raise a general issue—the appellant must also support the issue with argument and authorities challenging each ground. *Ramirez*, 458 S.W.3d at 572 (citing *Rangel v. Progressive Cty. Mut. Ins. Co.*, 333 S.W.3d 265, 269–70 (Tex. App.—El Paso 2010, pet. denied)). If the appellant fails to challenge each ground on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground. *Star–Telegram*, 915 S.W.2d at 473; *Ramirez*, 458 S.W.3d at 572; *Jarvis*, 298 S.W.3d at 313.

4

Appellants' initial brief does not contain any argument related to Appellee's affirmative defense of limitations.[1]  While their initial brief makes a single mention of Appellee's affirmative defense of limitations, Appellants made this statement in reference to Appellee's alleged liability in his individual capacity.  When Appellee pointed out this briefing deficiency, Appellants filed a reply brief that contains the following argument:

> The statute of limitations does not apply in this case due to Appellee's false representations, passive conduct and silence or failure to disclose and makes Appellee liable in his individual capacity because he knew of this fraud prior to becoming the Independent Executor of the Will, and Trustee of The Watson Family Trust, and continued to conceal the truth from Appellant[ ]'s after he was no longer the Independent Executor, and Trustee of The Watson Family Trust through passive silence.

Appellants generally assert in their reply brief that Appellee was not originally named as executor in the wills of Oran Hollas Watson and Mary Tom Watson and that Appellee was not validly named as a trustee of the Watson Family Trust.  The gist of Appellants' assertion is that Appellee must have forged or altered these documents after their execution to name himself as the executor and trustee. Appellants assert in their reply brief that they did not learn of these facts until 2013. Appellants also cite in their reply brief some sections from *American Jurisprudence 2d* pertaining to fraudulent concealment.[2]

---

[1]The Texas Supreme Court has held that a reporter's record is neither necessary nor appropriate to the purposes of a summary judgment hearing.  *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 292 n.141 (Tex. 2004).  Irrespective of this directive, we have the benefit of a reporter's record from the summary judgment hearing, and it indicates that limitations was addressed by the parties and the trial court in considering the motion for summary judgment.

[2]In their reply to the motion for summary judgment, Appellants did not present any arguments concerning the continuing violation doctrine, the continuing trespass doctrine, or the 25-year statute of limitations for title to real estate.  They do not present any arguments asserting these matters on appeal. Accordingly, we do not consider them as a basis for determining if Appellants' claims were barred by limitations.

5

An issue raised for the first time in a reply brief is ordinarily waived and need not be considered by an appellate court. *McAlester Fuel Co. v. Smith Int'l, Inc.*, 257 S.W.3d 732, 737 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *see Baker v. Hertel*, No. 11-13-00152-CV, 2015 WL 1469527, at *2 (Tex. App.—Eastland Mar. 26, 2015, no pet.) (mem. op.). Appellants did not seek leave of this court to present new issues or arguments in their reply brief, and we decline to do so. *See Prod. Lift Companies, Inc. v. Valdez*, No. 11-17-00331-CV, 2019 WL 2308020, at *2 (Tex. App.—Eastland May 31, 2019, no pet.) (mem. op.). But even if Appellants had presented in their initial brief their challenge to the affirmative defense of limitations, we would not reverse the trial court's determination that Appellants' suit was barred by limitations.

When a defendant moves for summary judgment on the affirmative defense of limitations, the defendant has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). To meet this burden, the defendant must conclusively prove when the cause of action accrued and negate the discovery rule, if the discovery rule applies and has been pleaded or otherwise raised. *Id.* The defendant negates the discovery rule by proving as a matter of law that there is no genuine issue of material fact regarding when the plaintiff discovered or, in the exercise of reasonable diligence, should have discovered its injury. *Id.*

The discovery rule defers accrual of a claim until the injured party learned of, or in the exercise or reasonable diligence should have learned of, the wrongful act causing the injury. *Cosgrove v. Cade*, 468 S.W.3d 32, 36 (Tex. 2015). The discovery rule is limited to "circumstances where 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'" *Id.* (quoting *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996)). "An injury is inherently undiscoverable if it is by nature unlikely to be

discovered within the prescribed limitations period despite due diligence." *S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996).

The question of when a cause of action accrues is a question of law. *Provident Life & Accident Ins.*, 128 S.W.3d at 221. Generally, a cause of action accrues when facts come into existence that authorize a claimant to seek a judicial remedy, when a wrongful act causes some legal injury, or whenever one person may sue another. *Am. Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 430 (Tex. 2015). Appellee asserts that, at the latest, Appellants' claims accrued in 2006 based on the allegations contained in Appellants' original petition. We agree.

Appellants assert in their petition that Appellee was not named as an executor in the wills of Oran Hollas Watson or Mary Tom Watson. The wills were executed in 1995. Oran Hollas Watson died on March 24, 2004, and Appellee was appointed as the executor of his estate in 2004. Mary Tom Watson died on January 7, 2006, and Appellee was appointed as the executor of her estate in 2006. Additionally, Appellee was named as the trustee of the Watson Family Trust in 1995. Appellants assert that Appellee was not originally named in these 1995 documents and that the documents must have been altered after they were executed. Appellants assert that they did not learn of the alleged alterations until September 28, 2013, when the witnesses to the wills executed an affidavit concerning the will of Oran Hollas Watson.[3]

---

[3]The witnesses' affidavit is not a part of the summary judgment evidence. There is a copy of it attached to Appellants' original petition. It only states that Appellee was not named as an executor in the will of Oran Hollas Watson. Appellants make no allegation why they were unable to obtain this information from the witnesses prior to September 28, 2013. An injury is not inherently undiscoverable when it could be discovered through the exercise of reasonable diligence. *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 66 (Tex. 2011). The witnesses' affidavit does not reference the will of Mary Tom Watson. Also, while the affidavit references the Watson Family Trust, it does not allege an alteration in connection with the trust. The witnesses were not signatories of either the original trust instrument or the amendment to it naming Appellee as trustee.

A two-year statute of limitations applies to conversion claims. *Pollard v. Hanschen*, 315 S.W.3d 636, 641 (Tex. App.—Dallas 2010, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2017)). The statute of limitations for a negligent misrepresentation cause of action is also two years. *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998); *Collective Asset Partners, LLC v. McDade*, 400 S.W.3d 213, 217 (Tex. App.—Dallas 2013, no pet.). Even if one assumes that Appellants did not learn of the alleged alteration of the documents until September 28, 2013, they did not file the underlying suit within two years of this date. Accordingly, Appellants' claims for conversion and negligent misrepresentation are barred by limitations as a matter of law.

A four-year statute of limitations applies to fraud and breach of fiduciary duty claims. *Pollard*, 315 S.W.3d at 641(citing CIV. PRAC. & REM. § 16.004(4), (5) (West 2002)). Even though Appellants filed suit within four years of September 28, 2013, there is a public policy reason that precludes Appellants' attempt to rely on the discovery rule in connection with Appellee being named as the executor of the estates of Oran Hollas Watson and Mary Tom Watson. As stated by the Texas Supreme Court in *Little v. Smith*, "Texas courts have refused to apply the discovery rule to claims arising out of probate proceedings in most instances, however, even in the face of allegations of fraud." 943 S.W.2d 414, 420 (Tex. 1997). The court noted that this policy is based on the "strong public interest in according finality to probate proceedings." *Id.* at 421. Accordingly, Appellants' reliance on the discovery rule and their allegations of fraud are unavailing to defer the accrual of limitations for their claims against Appellee with respect to him being named as the executor of the estates.

With respect to Appellants' claims against Appellee in connection with his administration of the Watson Family Trust, they assert that he breached the fiduciary duty that he owed as the trustee of the trust. These claims are not based on an

8

allegation that Appellee was wrongfully named as the trustee. Instead, these claims rely on the fact that Appellee was named as the trustee and that he possessed a fiduciary duty to the beneficiaries of the trust. Appellee's service as the trustee concluded in 2006. Appellants have not asserted any basis for them being unable to know the manner in which Appellee administered the trust or the estates since 2006. Accordingly, the summary judgment evidence establishes as a matter of law that Appellants' claims are barred by limitations.

We overrule Appellants' two issues.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


February 28, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[4]

Willson, J., not participating.

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.