

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| DANIEL A. RAMIREZ, | § | No. 08-12-00371-CV |
| Appellant, | § | Appeal from |
| v. | § | 327th District Court |
| FIRST LIBERTY INSURANCE CORPORATION, | § | of El Paso County, Texas |
|  | § | (TC # 2011-295) |
| Appellee. | § |  |

## <u>CORRECTED OPINION</u>

Daniel A. Ramirez, *pro se*, appeals from a summary judgment entered in favor of First

Liberty Insurance Corporation.  For the reasons that follow, we affirm.

## FACTUAL SUMMARY

In February of 2009, Ramirez was stopped at an intersection in San Antonio.  The vehicle

behind him was driven by Ernest Dyer.  Dyer took his foot off of the brake and his vehicle struck

Ramirez's vehicle.   Ramirez's  vehicle  was  insured  by  Government  Employees  Insurance

Company (GEICO) and Dyer's vehicle was insured by Liberty.  Ramirez did not sue Dyer.  He

instead filed suit against Liberty alleging in his fourth amended petition causes of action for

breach of contract, breach of the implied covenant of faith and fair dealing, promissory estoppel,

violations of the Texas Insurance Code, and negligent misrepresentation.  Liberty filed a motion

for traditional and no evidence summary judgment.  Ramirez attached to his summary judgment

response his own affidavit and correspondence from Liberty. The trial court granted Liberty's motion without specifying the grounds for its ruling.

## SUMMARY JUDGMENT

Ramirez raises two issues challenging the summary judgment. Liberty first responds that Ramirez has waived error with respect to the breach of contract, breach of duty of good faith and fair dealing, and promissory estoppel causes of action because he failed to challenge each ground on which the trial court's ruling could be based.

### *Failure to Challenge Each Ground*

Ramirez's fourth-amended petition raised multiple causes of action against Liberty, including the breach of contract and promissory estoppel causes of action. Liberty moved for summary judgment on both traditional and no evidence grounds and the trial court granted summary judgment without specifying the grounds upon which it relied. When a party moves for summary judgment on multiple grounds and the trial court's summary judgment order does not specify the ground or grounds upon which it was based, the appealing party must negate all possible grounds upon which the order could have been based. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Jarvis v. Rocanville Corporation*, 298 S.W.3d 305, 313 (Tex.App.--Dallas 2009, pet. denied). This can be accomplished by asserting a separate issue challenging each possible ground. *Jarvis*, 298 S.W.3d at 313. Alternatively, a party can raise an issue which broadly asserts that the trial court erred by granting summary judgment and within that issue provide argument negating all possible grounds upon which summary judgment could have been granted. *See Star-Telegram*, 915 S.W.2d at 473; *Jarvis*, 298 S.W.3d at 313. This is sometimes referred to as a *Malooly* issue.[1] *See e.g., Rangel v. Progressive County Mutual Insurance Company*, 333 S.W.3d 265, 269-70 (Tex.App.--El Paso 2010, pet. denied). It is not

---

[1] *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

sufficient to merely raise a general issue as the appellant must also support the issue with argument and authorities challenging each ground. *Rangel*, 333 S.W.3d at 270, *citing Cruikshank v. Consumer Direct Mortgage, Inc.*, 138 S.W.3d 497, 502-03 (Tex.App.--Houston [14th Dist.] 2004, pet. denied)(a general *Malooly* issue statement only preserves a complaint if the ground challenged on appeal is supported by argument). If the appellant fails to challenge each ground on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground. *Star-Telegram, Inc.*, 915 S.W.2d at 473; *Jarvis*, 298 S.W.3d at 313.

Ramirez has not raised issues challenging the separate grounds on which summary judgment could have been granted. He has instead raised two general issues which could be characterized as *Malooly* issues, but his brief does not contain any argument related to the breach of contract and promissory estoppel causes of action or the grounds for summary judgment asserted by Liberty with respect to these claims. We are mindful that Ramirez is a *pro se* litigant and we have construed his brief liberally as required by Rule 38.9. *See* TEX.R.APP.P. 38.9. Even when his brief is given the most liberal reading possible, it cannot be construed as addressing any aspect of these two causes of action or the grounds on which the trial court could have granted summary judgment. He instead focuses exclusively on the evidence he presented that purportedly shows Liberty engaged in misconduct and made false representations to him about his claim. This evidence is irrelevant to his breach of contract and promissory estoppel causes of action. We conclude that Ramirez has waived any challenge to the summary judgment related to these two causes of action. Accordingly, we are required to uphold the portion of the trial court's summary judgment order as it applies to the breach of contract and promissory estoppel causes of action. *See Jarvis*, 298 S.W.3d at 313-14 (affirming summary judgment with respect

to trespass claim because appellant failed to challenge the grounds on which summary judgment could have been granted as to that cause of action). Ramirez has, however, sufficiently challenged the grounds related to the breach of the duty of good faith and fair dealing, negligent misrepresentation, and Insurance Code violation claims.

*Standards of Review*

The trial court's decision to grant summary judgment is reviewed *de novo*. *Travelers Insurance Company v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Rule 166a(i) permits a party to move for a no-evidence summary judgment "without presenting summary judgment evidence," but it requires the moving party to "state the elements as to which there is no evidence." TEX.R.CIV.P. 166a(i); *Wade Oil & Gas, Inc. v. Telesis Operating Company, Inc.*, 417 S.W.3d 531, 540 (Tex.App.--El Paso 2013, no pet.); *Aguilar v. Morales*, 162 S.W.3d 825, 834 (Tex.App.--El Paso 2005, pet. denied). The burden then shifts to the non-movant to produce summary judgment evidence raising a genuine issue of material fact regarding each element challenged in the motion. *Wade Oil & Gas*, 417 S.W.3d at 540. Although the non-movant is not required to marshal his proof, he must present evidence that raises a genuine issue of material fact on each of the challenged elements. TEX.R.CIV.P. 166a(i); *see Ford Motor Company v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). The trial court must grant the motion unless the non-movant produces summary judgment evidence raising a genuine issue of material fact. TEX.R.CIV.P. 166a(i).

A no-evidence motion for summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Under this standard, we review the evidence in the light most favorable to the non-movant, credit evidence favorable to that party if reasonable jurors could,

and disregard contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A genuine issue of material fact is raised if the non-movant produces more than a scintilla of evidence regarding the challenged element. *King Ranch*, 118 S.W.3d at 751. More than a scintilla of evidence exists when reasonable and fair-minded individuals could differ in their conclusions. *King Ranch*, 118 S.W.3d at 751. There is not a scintilla of evidence when the evidence is so weak as to do no more than create a mere surmise or suspicion of material fact. *Wade Oil & Gas*, 417 S.W.3d at 540; *Ianni v. Loram Maintenance of Way, Inc.*, 16 S.W.3d 508, 513 (Tex.App.--El Paso 2000, pet. denied). Evidence that fails to constitute more than a mere scintilla is, in legal effect, no evidence at all. *Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex. 2001); *Wade Oil & Gas*, 417 S.W.3d at 540.

The standard of review for traditional summary judgment under Tex.R.Civ.P. 166a(c) is well established. *Nixon v. Mr. Property Management Company, Inc*., 690 S.W.2d 546, 548 (Tex. 1985). The moving party carries the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed issue of material fact. *Fort Worth Osteopathic Hospital, Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Tranter v. Duemling*, 129 S.W.3d 257, 260 (Tex.App.--El Paso 2004, no pet.). All reasonable inferences, including any doubts, must be resolved in favor of the non-movant. *Fort Worth Osteopathic Hospital*, 148 S.W.3d at 99. Once the movant establishes its right to summary judgment, the burden then shifts to the non-movant to present evidence which raises a genuine issue of material fact, thereby precluding summary judgment. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979).

*Breach of Implied Covenant of Good Faith and Fair Dealing*

Ramirez's fourth amended petition included a claim that Liberty breached its duty of good faith and fair dealing by making misrepresentations to him regarding his claim. Liberty moved for traditional summary judgment based on its assertion that Ramirez cannot maintain his suit against Liberty for breach of the duty of good faith and fair dealing.

The commercial insurance policy in question was issued by Liberty to Westat, Inc. and Rockville Institute. Ramirez is not a party to that contract. A party injured by the insured is a third-party beneficiary of a liability insurance policy, but he cannot enforce the policy directly against the insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party. *See State Farm County Mutual Insurance Company of Texas v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989); *Great American Insurance Company v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969). Ramirez has not presented any evidence establishing that the insured has a legal obligation by virtue of either a judgment or an agreement to pay his damages.

Section 541.060 of the Texas Insurance Code defines unfair settlement practices to include misrepresenting to a claimant a material fact or policy provision relating to coverage and failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim. TEX.INS.CODE ANN. § 541.060(a)(1), (2)(West 2009). A third-party claimant asserting claims against the insured of a liability policy does not have standing to bring claims against the liability insurer for violations of Section 541.060. *See* TEX.INS.CODE ANN. § 541.060(b)(West 2009)(providing that § 541.060(a) does not provide a cause of action to a third party asserting one or more claims against an insured covered under a liability insurance policy). Similarly, a third-party claimant lacks standing to sue an insurer for breach of the duty of good faith and fair

dealing. *Reule v. Colony Insurance Company*, 407 S.W.3d 402, 410 (Tex.App.--Houston [14th Dist.] 2013, pet. denied). Liberty conclusively established that Ramirez may not maintain this cause of action.

*Texas Insurance Code Violations*

Ramirez alleged in his third-amended petition that Liberty violated Section 541.051(1)(A) of the Texas Insurance Code by negligently representing to Ramirez that it had approved his claim and would pay to repair his vehicle and his medical expenses for injuries he sustained as a result of the auto accident in question. Liberty moved for summary judgment on the ground that there is no evidence it made a statement that misrepresented the terms of an insurance policy or promised to pay Ramirez's medical expenses or for repair of his vehicle. Ramirez subsequently filed a fourth-amended petition which dropped the claim made under Section 541.051(1)(A) and added allegations that Liberty violated Sections 541.003, 541.051(1)(B), and 541.061(1)-(4) of the Texas Insurance Code. These violations are based on the same conduct, namely, Liberty's alleged misrepresentation it had approved his claim and would pay his medical expenses and for repair of his vehicle. Liberty did not file a supplemental motion for summary judgment to specifically address these alleged violations of the Insurance Code.

The first issue we must address is whether the trial court granted Liberty more relief than was requested in its motion for summary judgment. As a general rule, summary judgment may not be granted on a claim not addressed in the summary judgment proceeding. *McIntyre v. Wilson*, 50 S.W.3d 674, 684-85 (Tex.App.--Dallas 2001, pet. denied). It may be granted, however, on later pleaded causes of action if the grounds asserted in the motion show that the plaintiff could not recover from the defendant on the later pleaded causes of action. *McIntyre*, 50

S.W.3d at 685; *Wilson v. Korthauer*, 21 S.W.3d 573, 578 (Tex.App.--Houston [14th Dist.] 2000, pet. denied).

Section 541.003 of the Insurance Code provides that a person may not engage in a trade practice that is defined in Chapter 541 as an unfair method of competition or an unfair or deceptive act or practice in the business of insurance. TEX.INS.CODE ANN. § 541.003. Section 541.051(1) prohibits certain types of misrepresentations regarding insurance policies that have been issued or which are to be issued. TEX.INS.CODE ANN. § 541.051(1). Subsection (1)(A) prohibits misrepresentation of the terms of an insurance policy while Subsection (1)(B) prohibits a statement which misrepresents the benefits or advantages promised by an insurance policy. TEX.INS.CODE ANN. § 541.051(1). Section 541.061 provides that it is an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by: (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Insurance Code. *See* TEX.INS.CODE ANN. § 541.061.

The common element in each of the sections Ramirez alleges Liberty violated is the prohibition against misrepresenting a certain aspect of an insurance policy. Ramirez relied on the same conduct to establish a violation of each of these statutes, namely, that Liberty misrepresented that it had approved his claim and would pay his medical expenses. Liberty moved for summary judgment on the ground that there is no evidence it misrepresented the terms of the insurance policy or that it made a statement that Ramirez's medical expenses would be

paid under the terms of the insurance policy. Given that making a misrepresentation is a common element in the claims and Liberty moved for summary judgment on this common element, we find that Liberty's summary judgment motion directed at the alleged violation of Section 541.051(1)(A) was sufficiently broad to reach the alleged violations of Sections 541.003, 541.051(1)(B), and 541.061. Consequently, the trial court did not grant more relief than was requested in Liberty's motion for summary judgment. *See McIntyre*, 50 S.W.3d at 684-85; *Lampasas v. Spring Center, Inc*., 988 S.W.2d 428, 437 (Tex.App.--Houston [14th Dist.] 1999, no pet.).

We turn now to the merits of the issue. Ramirez's summary judgment evidence includes his own affidavit and correspondence from Liberty to Ramirez. In his affidavit, Ramirez stated that Liberty's claims manager, Alma Gomez, told him that Liberty had approved his claim and would pay for his chiropractic treatment. Based on this representation, Ramirez asserts he began chiropractic treatment and Liberty subsequently refused to pay his medical bills when his chiropractor submitted them. Ramirez also attached three letters sent to him by Liberty: (1) a letter from Gomez dated May 18, 2009 requesting him to complete a medical authorization form and provide more information about his injuries and treatment; (2) a letter dated May 29, 2009 from Claire Russell, a senior claims representative, informing Ramirez that its appraiser had been unsuccessful in contacting Ramirez to arrange to inspect the damages to the vehicle and advising Ramirez that Liberty would not consider his claim for damages until the inspection had been completed; and (3) a letter dated November 3, 2010 from Gomez addressing Ramirez's demand that Liberty pay the amount he was requesting on the claim and offering to instead settle the bodily injury claim for $4,250.

Ramirez's summary judgment evidence shows a Liberty representative made a statement

regarding his claim, but he did not provide any evidence that the statement misrepresents the benefits or advantages promised by the insurance policy. Consequently, the trial court properly granted summary judgment with respect to the violation of Section 541.051(1)(B). Similarly, Ramirez did not present any evidence that Liberty misrepresented an insurance policy by making an untrue statement of material fact, by failing to state a material fact necessary to make other statements not misleading, by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, or by making a material misstatement of law. Thus, we conclude that the trial court did not err by granting summary judgment with respect to the claimed violation of Section 541.061(1)-(4).

*Negligent Misrepresentation*

Ramirez's suit also included a claim for negligent misrepresentation. The elements of a cause of action for negligent misrepresentation are: (1) a representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Federal Land Bank Association v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991); *Tukua Investments, LLC v. Spenst*, 413 S.W.3d 786, 802 (Tex.App.--El Paso 2013, pet. denied). Liberty moved for summary judgment on the ground there is no evidence it supplied false information to Ramirez or that any information was supplied for the guidance of Ramirez in his business. The evidence attached to Ramirez's summary judgment response constitutes some evidence that a Liberty representative discussed the claim with Ramirez, but it does not show that any false statements were made. Further, Ramirez did not present more than a scintilla of

evidence that Liberty provided any information for Ramirez's guidance in his business. The trial court did not err by granting summary judgment on the negligent misrepresentation claim. We overrule Issues One and Two and affirm the judgment of the trial court.

December 1, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
(Rivera, J., not participating)