

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00312-CV

MATTHEW ROLLINS AND CARL
GARNER

APPELLANTS

V.

DENTON COUNTY, TEXAS;
SHERIFF WILLIAM B. TRAVIS; AND
LISA UHLICH

APPELLEES

----------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2013-20131-158

----------

# MEMORANDUM OPINION[1]

----------

Appellant Matthew Rollins appeals the trial court's summary judgment for

Appellees Denton County, Texas; Sheriff William B. Travis; and Denton County

---

[1]See Tex. R. App. P. 47.4.

Civil Service Coordinator Lisa Uhlich.[2]  Rollins filed suit against Appellees alleging violations of Texas Local Government Code chapters 85 and 158 and seeking declaratory, mandamus, and injunctive relief.  *See* Tex. Loc. Gov't Code Ann. § 85.003(f) (West 2008), §§ 158.031–.040 (West 2008).  Appellees answered, generally denying all of Rollins's allegations, and pleaded affirmative defenses, including governmental immunity.  In due course, Rollins and Appellees filed competing motions for summary judgment.[3]  One of the grounds on which Appellees moved for summary judgment was their affirmative defense of immunity.  The trial court granted Appellees' motion for summary judgment and denied Rollins's motion for summary judgment without specifying the basis for its decision and ordered Rollins to pay Denton County $10,000 in attorney's fees and costs under the Texas Declaratory Judgment Act (DJA).[4]  This appeal followed.

---

[2]Because Appellant Carl Garner did not file a brief or join in Rollins's brief, we affirm the judgment as to Garner.  *See* Tex. R. App. P. 38.8(a)(3); *PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 715 (Tex. App.—Dallas 2011, pet. denied).

[3]Rollins filed a traditional motion for summary judgment; Appellees filed a combined no-evidence and traditional motion for summary judgment.

[4]We examined and considered whether the trial court's award of attorneys' fees and costs to Appellees specifically under the DJA constituted an implicit ruling granting summary judgment for Appellees on that ground, but case law is to the contrary.  *See, e.g.*, *Feldman v. KPMG LLP*, 438 S.W.3d 678, 685 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (holding attorneys' fees awarded to defendant under DJA proper even when case was dismissed for want of jurisdiction).

On appeal, Rollins does not challenge the summary judgment granted on his claims for mandamus and injunctive relief; he challenges only the summary judgment granted on his claim for declaratory relief. Rollins phrases his sole issue as follows: "Whether a sheriff's department civil service system is created by statute following the declaration of the results by the county judge following a petition and election held pursuant to Chapter 158, subchapter B, of the Texas Local Government Code." Appellees argue in their brief that we must affirm the trial court's summary judgment because Rollins did not specifically challenge, either by issue or with argument, a ground on which the summary judgment for Appellees could be based—their affirmative defense of immunity. We have closely examined Rollins's brief and the arguments set forth in it. No specific challenge exists to Appellees' immunity ground for summary judgment, and Rollins's brief contains no argument concerning immunity.[5]

The law is well-settled that either (1) a specific assignment of error must be attributed to each ground on which a summary judgment could be based or (2) a general assignment that the trial court erred by granting summary judgment must be made, which permits the appellant to assert arguments against all grounds on which summary judgment could be based. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (articulating this rule); *see also, e.g., Star-Telegram v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995) (recognizing broad issue was

_____

[5]A search of the electronic brief filed by Rollins reveals that the words "immunity" and "immune" do not appear in it.

3

raised and arguments thereunder attacked each ground on which summary judgment could have been based). Error is not preserved as to every ground on which summary judgment could be based simply by raising a general issue; the appellant must also support the issue with argument and authorities challenging each ground. *See, e.g., Ramirez v. First Liberty Ins. Corp.*, 458 S.W.3d 568, 572 (Tex. App.—El Paso 2014, no pet.) (holding plaintiff waived right to challenge summary judgment on breach of contract and promissory estoppel causes of action by failing to assert arguments challenging them in appellate brief); *Rangel v. Progressive Cnty. Mut. Ins. Co.*, 333 S.W.3d 265, 269–70 (Tex. App.—El Paso 2010, pet. denied) (same). A general *Malooly* issue preserves a complaint only if the ground challenged on appeal is supported by argument. *Cruikshank v. Consumer Direct Mortg., Inc.*, 138 S.W.3d 497, 502–03 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). When an argument is not made challenging every ground on which the summary judgment could be based, we are required to affirm the summary judgment, regardless of the merits of the unchallenged ground. *See, e.g., Malooly*, 461 S.W.2d at 120–21 (affirming summary judgment based on unchallenged ground of affirmative defense of limitations but expressing "no opinion as to whether a grant of summary judgment would be proper or erroneous" on that ground); *Ramirez*, 458 S.W.3d at 572 (affirming summary judgment based on grounds not challenged in brief on appeal without referencing merits of ground); *Strather v. Dolgencorp of Tex., Inc.*, 96 S.W.3d

4

420, 422–23 (Tex. App.—Texarkana 2002, no pet.) (affirming summary judgment based on unchallenged ground although that ground appeared unmeritorious).

Because Rollins's sole issue challenges only the denial of his motion for summary judgment on his declaratory-judgment action without addressing the immunity ground asserted in Appellees' cross-motion for summary judgment, we are procedurally constrained to affirm the trial court's summary judgment without regard to the merits of Appellees' immunity claim.[6]  *See, e.g.*, *Malooly*, 461 S.W.2d at 120–21; *Strather*, 96 S.W.3d at 422–23.

We overrule Rollins's sole issue and affirm the trial court's judgment and award of attorneys' fees and costs for Appellees.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and SUDDERTH, JJ.

---

[6]Although Rollins does challenge the immunity grounds for summary judgment in his reply brief, a reply brief may not be utilized to raise issues not asserted in a party's brief on the merits.  *See* Tex. R. App. P. 38.3; *Hailey v. Paduh*, No. 04-12-00823-CV, 2014 WL 1871334, at *12 (Tex. App.—San Antonio May 7, 2014, no pet.) (mem. op.) (holding *Malooly* issue in opening brief did not preserve challenge to ground for summary judgment argued for first time in reply brief); *HB Turbo, L.P. v. Turbonetics Eng'g & Servs.*, No. 13-06-00083-CV, 2007 WL 1629949, at *3 (Tex. App.—Corpus Christi June 7, 2007, pet. denied) (mem. op.) (acknowledging that "[a]t times, the consequences of requiring the appellant to attack on appeal each ground alleged in the motion for summary judgment can seem unfair" and declining to recognize such attack asserted in reply brief); *see also, e.g.*, *Hutchison v. Pharris*, 158 S.W.3d 554, 564 & n.11 (Tex. App.—Fort Worth 2005, no pet.) (noting the well-established principle and listing supporting cases).

5

DELIVERED:  December 3, 2015