

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00108-CV

_____

JULIE MCCURLEY AND RANDY MCCURLEY, INDIVIDUALLY AND AS
PARENTS, NEXT FRIENDS AND GUARDIANS OF STEPHEN MCCURLEY,
Appellants

V.

TEXAS MOTOR SPEEDWAY, INC., Appellee

---

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 17-3572-393

---

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellants Julie McCurley and Randy McCurley, individually and as parents, next friends, and guardians of their son Stephen McCurley, sued Appellee Texas Motor Speedway, Inc. for injuries Stephen sustained when, while attending a NASCAR race, his wheelchair hit an uneven, elevated spot on a ramp in the Speedway's stands. The McCurleys alleged that because the ramp was "missing necessary bolts or rivets to secure [it] to the base," Stephen was flung from his wheelchair and that the dangerous condition could have been prevented if the Speedway had conducted a reasonable, proper, and complete inspection of the premises prior to the race.

The Speedway filed a combined traditional and no-evidence motion for summary judgment in which it set forth the following grounds: (1) there is no evidence that a condition on the premises posed an unreasonable risk of harm; (2) there is no evidence that the Speedway knew or should have known of any danger posed by missing rivets on the ramp in question; (3) there is no evidence that the Speedway breached a duty of ordinary care by failing to adequately warn the McCurleys of the condition or by failing to make it reasonably safe; (4) there is no evidence that any act or omission on the Speedway's part was a proximate cause of Stephen's fall; and (5) the competent, uncontroverted evidence presented by the Speedway conclusively shows that it did not know and reasonably should not have known of the alleged danger before Stephen's fall and did not breach its duty of

2

ordinary care by failing to adequately warn him of the condition or by failing to make the condition reasonably safe. The trial court granted summary judgment for the Speedway.

On appeal, the McCurleys raise four issues: (1) whether issues of material fact existed because of the Speedway's creation of the dangerous condition and its constructive knowledge of the condition; (2) whether Paragraphs 16 and 20 of the affidavit of Kerry Lee, the McCurleys' expert witness, were conclusory and were properly stricken by the trial court; (3) whether the Speedway's "lack of inspection of the premises and lack of documentation creating the dangerous condition of the ramp provide issues of fact on liability"; and (4) whether a question of fact exists on the Speedway's constructive knowledge of the unreasonable risk of harm. Within their brief, they focus almost exclusively on the Speedway's constructive knowledge, arguing that the case was "decided summarily" on that issue and that the Speedway's motion "did not challenge the other elements of the cause of action." However, as set out above, the Speedway raised four no-evidence grounds and one traditional ground, and the trial court's judgment does not reflect the ground upon which it granted the motion.

"When an argument is not made challenging every ground on which the summary judgment could be based, we are required to affirm the summary judgment, regardless of the merits of the unchallenged ground." *Rollins v. Denton Cty.*, No. 02-14-00312-CV, 2015 WL 7817357, at *2 (Tex. App.—Fort Worth Dec. 3, 2015, no pet.)

3

(mem. op.); *see generally Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 120–21 (Tex. 1970) (affirming summary judgment based on unchallenged ground of affirmative defense of limitations but expressing "no opinion as to whether a grant of summary judgment would be proper or erroneous" on that ground); *Ramirez v. First Liberty Ins. Corp.*, 458 S.W.3d 568, 572 (Tex. App.—El Paso 2014, no pet.) (affirming summary judgment based on grounds not challenged in brief on appeal without referencing merits of those grounds). "We can affirm the trial court's judgment on the basis of even one unchallenged ground." *Mann v. Denton Cty.*, No. 02-16-00030-CV, 2017 WL 526309, at *6 (Tex. App.—Fort Worth Feb. 9, 2017, pet. denied) (mem. op.).

The McCurleys challenge the constructive knowledge summary judgment grounds in two of their issues, arguing that "an inference of constructive knowledge inherently presents a fact question," and they allude to the "creation of the dangerous condition," but they do not challenge the Speedway's remaining summary judgment grounds. Accordingly, we affirm the trial court's judgment on the unchallenged grounds without reaching the merits and overrule the McCurleys' issues as moot.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: December 5, 2019