

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00359-CV

Brandon **HJELLA**,
Appellant

v.

**RED MCCOMBS MOTORS, LTD.**,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI15792
Honorable Mary Lou Alvarez, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
               Irene Rios, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: March 16, 2022

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Brandon Hjella appeals from the trial court's final summary judgment and from several orders granting Red McCombs Motors, Ltd. attorney's fees. In his first of four issues, Hjella argues the trial court erred by entering a final summary judgment when claims remained outstanding. In his fourth issue, he argues summary judgment was improper on his counterclaims. In his second and third issues, Hjella argues the trial court awarded attorney's fees in error. We overrule Hjella's first and last issues and sustain his challenges to the attorney's fees award.

Consequently, we affirm the trial court's judgment, except with respect to the attorney's fees, and we remand the case for further proceedings.

## BACKGROUND

Red McCombs operates an automobile dealership. Hjella took his pickup truck to Red McCombs's service department for an oil change and wheel alignment. He signed a service agreement authorizing Red McCombs to perform repairs upon the condition that Red McCombs was "NOT RESPONSIBLE FOR ANY LOSS OR DAMAGE TO VEHICLE OR ARTICLES LEFT IN THE VEHICLE IN CASE OF FIRE, THEFT, ACCIDENT OR ANY OTHER CASE BEYOND OUR CONTROL." Hjella maintains that he left a handgun in the center console of his truck and that the handgun was missing when he retrieved his truck after the repairs. Hjella then asserted on social media platforms and his website that Red McCombs and its employees stole his handgun.

Red McCombs sued Hjella for defamation, business disparagement, tortious interference with prospective business relations, violation of 18 U.S.C. § 1030, and breach of contract. Hjella answered and filed counterclaims for bailment and negligence. Red McCombs moved for traditional summary judgment on its claims and on Hjella's counterclaims. Red McCombs also requested attorney's fees in its summary judgment motion. Hjella filed a no-evidence motion for summary judgment on Red McCombs's causes of action and later a traditional motion for summary judgment on those claims. After a hearing on Red McCombs's traditional motion for summary judgment, the trial court granted the motion in part and denied it in part. The order states: "[Red McCombs's] Motion for Summary Judgment on Breach of Contract is granted as to Defendant's counter-claims for bailment and negligence. . . . All other grounds in [Red McCombs's] Motion are denied." The trial court did not consider Hjella's no-evidence motion for summary judgment, which was pending at the time.

Red McCombs then filed a "Motion for Attorney's Fees." Because of the presiding court central docket system used in Bexar County, a different judge than the one who heard the motion for summary judgment heard the motion for attorney's fees. *See Salazar v. Dickey*, No. 04-08-00022-CV, 2010 WL 307852, at *2 (Tex. App.—San Antonio Jan. 27, 2010, pet. denied) (mem. op.) (describing system). At the hearing, the parties disputed whether the previous judge had ruled on the attorney's fees request stated in Red McCombs's motion for summary judgment. The judge, therefore, declined to rule on the matter of attorney's fees, and the matter was reset for a hearing before the judge who heard Red McCombs's motion for summary judgment. At the re-set hearing, that judge stated that she was not ruling on the motion for fees. However, the judge determined that a prior order regarding mediation had not been complied with, and she stated, "I am going to order interim attorney's fees of $2,500 to get you to mediation." Later, the judge stated: "I am awarding [Red McCombs] interim attorney's fees of $2,500. That shall be paid at the beginning of the mediation on 1/22/2020." The record on appeal does not reflect that a motion to compel mediation had been filed.

In late January 2020, the same judge held a hearing on attorney's fees, but the transcript from the hearing is not part of the record on appeal.[1] Following the hearing, the trial court signed, on January 30, 2020, an "Order Granting Motion for Attorney's Fees." The trial court ordered Hjella to pay $36,264.00 in attorney's fees and $851.27 in court costs by February 17, 2020, which was the day before trial was scheduled. Trial was later rescheduled for April 13, 2020.

---

[1] Both parties filed the transcript of this hearing with their briefs, but documents filed with briefs are not part of the appellate record. *See Gomez v. State*, No. 04-13-00205-CR, 2014 WL 2601724, at *1 (Tex. App.—San Antonio June 11, 2014, no pet.) (mem. op.) (refusing to consider portions of reporter's record attached to brief because "it has long been the law in this state that an appellate court may not consider documents attached to a brief as part of the record on appeal").

On February 3, 2020, the trial court signed an order granting Hjella's no-evidence motion for summary judgment as to Red McCombs's cause of action for violation of 18 U.S.C. § 1030. On February 7, 2020, Red McCombs filed a notice of nonsuit as to "the undecided claims in this lawsuit, subject to and reserving entry of judgment on" the interlocutory order on Red McCombs's motion for summary judgment, the Order Granting Motion for Attorney's Fees, and Red McCombs's "remaining claims for attorney's and appellate fees and costs."

By February 17, 2020, Hjella had not paid the attorney's fees and costs, as ordered on January 30, 2020. Red McCombs filed a motion to enforce the order on attorney's fees and costs. Hjella then filed a petition for writ of mandamus with this court, arguing the trial court clearly abused its discretion by ordering the payment of attorney's fees before entry of a final judgment. *See In re Hjella*, No. 04-20-00120-CV, 2020 WL 2441433, at *1 (Tex. App.—San Antonio May 13, 2020, orig. proceeding). In the mandamus proceeding, we granted in part Red McCombs's motion to allow it to request a final judgment from the trial court. On March 30, 2020, Hjella filed a fourth amended answer and counterclaim, asserting several affirmative defenses and counterclaims for the first time. Red McCombs then sought entry of a final judgment, and, on April 13, 2020, the trial court signed a "Final Summary Judgment." We denied the petition for writ of mandamus after entry of the judgment. *See id.* The judgment orders that Red McCombs recover from Hjella "judgment for the sum of $39,615.27 in damages and costs, plus accrued prejudgment interest of $2,197.83, for a total of $41,813.10." The judgment also orders that Red McCombs recover conditional appellate attorney's fees. The judgment is silent as to attorney's fees incurred in the trial court, but the $39,615.27 awarded as "damages and costs" is exactly equal to the $2,500.00 awarded as "interim attorney's fees" plus the attorney's fees and costs ordered in the Order Granting Motion for Attorney's Fees. The judgment states: "[T]his Judgment finally disposes of all parties and all claims and is appealable."

Hjella timely filed a motion for a new trial, which was ultimately overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). Two months after entry of the Final Summary Judgment, Red McCombs filed a "Motion for Mandamus Attorney's Fees," seeking to recover $30,352.00 in fees and $754.85 in expenses "related to [Hjella's] Petition and additional attempts to enforce the contract." On July 15, 2020, the trial court entered an "Order Granting Motion for Appellate Mandamus Attorney's Fees." The trial court granted Red McCombs's motion in part and ordered Hjella to pay Red McCombs $12,000.00 in attorney's fees and $754.85 in court costs by July 31, 2020. The order states: "This award is in addition to and does not alter any prior awards."

Hjella timely appealed the trial court's Final Summary Judgment. He also appealed (1) the trial court's order that he pay interim attorney's fees of $2,500.00, (2) its Order Granting Motion for Attorney's Fees, which requires that he pay $36,264.00 in attorney's fees and $851.27 in costs, and (3) its Order Granting Motion for Appellate Mandamus Attorney's Fees, which requires that Hjella pay $12,000.00 in attorney's fees and $754.85 in court costs.

## JURISDICTION

Hjella argues in his first issue that we lack jurisdiction because Red McCombs has appealed from an interlocutory order. He argues the Final Summary Judgment is not a final, appealable order because he filed a fourth amended petition with new affirmative defenses and counterclaims before the trial court entered its Final Summary Judgment. According to Hjella, the trial court has not ruled on the new affirmative defenses and counterclaims. Red McCombs argues that the case was extinguished on the merits when it filed its non-suit, and Hjella's later-filed affirmative defenses and counterclaims are a "nullity."

Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment or order issued without a conventional trial on the merits is final if it either: (1) actually disposes of every pending claim and party, or (2) it clearly

and unequivocally states that it finally disposes of all claims and all parties. *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam) (citing *Lehmann*, 39 S.W.3d at 205). These are "joint tests." *Id.* "[A] clear and unequivocal statement of finality must be given effect even if review of the record would undermine finality." *Id.* (citation omitted). "Although no 'magic language' is required, a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020). When a judgment leaves no doubt about finality, an appellate court errs in turning to the record to resolve the issue. *Id.* at 802. "If the final judgment is deficient, the remedy comes by appeal, not by the deprivation of appellate jurisdiction." *Id.*

The Final Summary Judgment leaves no doubt about finality. The trial court expressed its intent to render a final judgment by titling the document "Final Summary Judgment," and by stating that the judgment "finally disposes of all parties and all claims and is appealable." *See id.* at 801. We have appellate jurisdiction, and we overrule Hjella's first issue.

### SUMMARY JUDGMENT

In his last issue, Hjella argues the trial court erred by granting summary judgment as to his counterclaims for bailment and negligence. We overrule his issue because Hjella failed to negate all possible grounds upon which the trial court's order could have been based.

To create a bailment, there must be (1) delivery of personal property from one person, the bailor, to another, the bailee, for a specific purpose; (2) acceptance of delivery by the bailee; (3) an express or implied contract between the parties that the specific purpose will be realized; and (4) an agreement between the parties that the property will be either returned to the bailor or dealt with according to the bailor's direction. *State v. $281,420.00 in United States Currency*, 312 S.W.3d 547, 551 (Tex. 2010). The bailee must knowingly take property into possession or control for there to be a bailment. *Id.* A bailee's duty of care extends to undisclosed items in a vehicle

that are in plain view, but "if undisclosed items are *not* in plain view and the bailee could not have reasonably anticipated that they would be in the vehicle, the bailment contract does not extend to those items." *Id.* A bailment contract gives rise to a duty, and generally a bailment relationship is governed by common law principles of negligence. *Carter v. Flowers*, No. 02-10-00226-CV, 2011 WL 4502203, at *2 (Tex. App.—Fort Worth Sept. 29, 2011, no pet.) (mem. op); *Bank One, Tex., N.A. v. Stewart*, 967 S.W.2d 419, 432 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). A claim for negligence requires that a plaintiff establish that a defendant had a legal duty. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009)

In its summary judgment motion, Red McCombs argues that Hjella's handgun was never in plain view and it could not have reasonably anticipated a handgun inside the center console of the truck. Consequently, as Red McCombs asserts, it did not owe Hjella a legal duty, and Red McCombs could not be held negligent for the loss of the handgun under bailment or negligence theories. In addition, Red McCombs argued in its motion that Hjella waived liability on the part of Red McCombs for articles left in the truck pursuant to the service agreement. The service agreement includes a clause disclaiming Red McCombs's responsibility. At the hearing on the motion for summary judgment, the trial court stated that summary judgment was granted in favor of Red McCombs on the counterclaims, but it did not state a reason. The trial court's order on Red McCombs's summary judgment motion, likewise, does not state a reason. Neither does the Final Summary Judgment. On appeal, Hjella asserts that Red McCombs's sole argument against his counterclaims for bailment and negligence was that the release in the service agreement prevented Hjella from asserting these claims. Hjella further argues the release is invalid. However, Hjella does not address Red McCombs's argument that there did not exist a duty, which could give rise to bailment and negligence claims.

When, as here, a party moves for summary judgment on multiple grounds and the trial court's summary judgment order does not specify the ground or grounds upon which it is based, the appealing party must negate all possible grounds. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Ramirez v. First Liberty Ins. Corp.*, 458 S.W.3d 568, 571 (Tex. App.—El Paso 2014, no pet.). If the appealing party fails to challenge all possible grounds, we must uphold the summary judgment on the unchallenged ground. *See Star-Telegram*, 915 S.W.2d at 473; *Ramirez*, 458 S.W.3d at 571. The reasoning is that any error complained of is harmless because an unchallenged independent ground fully supports the complained-of judgment. *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see* TEX. R. APP. P. 44.1(a). That reasoning applies here. Because Hjella failed to address a possible alternative basis for the trial court's summary judgment ruling on his counterclaims for bailment and negligence, we must affirm the trial court's summary judgment on that unchallenged basis. Hjella's fourth issue is overruled.

### ATTORNEY'S FEES

Hjella argues in his second issue that there was no valid basis for the award of attorney's fees of $2,500.00 as sanctions. In his third issue, he argues three sub-issues that, regardless of whether summary judgment was proper, (1) interim fees were improper; (2) there was no basis for the award under section 38.001 of the Texas Civil Practice and Remedies Code; and (3) the award amount was too great because Red McCombs did not segregate fees for work on legal claims for which fees may have been recoverable from work on claims for which fees were not recoverable. We address these issues/sub-issues in turn.

### Sanctions

We sustain Hjella's second issue to the extent that the trial court awarded fees of $2,500.00 as sanctions. The trial court stated at the re-set hearing on the motion for attorney's fees that it

was awarding fees of $2,500.00 "to get you to mediation" and that "a motion to compel mediation and attorney's fees exposed for that." However, our record does not reflect that a motion to compel mediation had been filed, and the hearing was not related to a motion to compel. Red McCombs does not contend that the award is a sanctions award or can be supported as a sanctions award. Consequently, we sustain Hjella's second issue; however, we next consider Hjella's argument that there was a contract basis for the award as well as Hjella's sub-issue that reversal is required regardless because Red McCombs failed to segregate fees between claims. *See* TEX. R. APP. P. 44.1(a) (reversal allowed only if trial court's error probably caused the rendition of an improper judgment).

**Interim Attorney's Fees**

By a sub-issue of his issue three, Hjella argues that the orders awarding interim attorney's fees and payment by a date certain before trial were improper. The trial court's oral pronouncement that he pay $2,500.00 and its Order Granting Motion for Attorney's Fees both required Hjella to pay attorney's fees by a date certain before trial. Hjella argues that these orders to pay before trial had the effect of preventing the case from going forward until the fee issue was resolved. We overrule this sub-issue because Hjella has not shown harm. *See id.* Hjella's case moved forward and was resolved by a final judgment, which disposed of all parties and claims. The final judgment was not based on Hjella's failure to pay fees by a date certain.[2] Consequently, the record does not reflect Hjella's complained-of harm.

Before moving on, we must address the effect the final judgment had on the interlocutory orders for interim attorney's fees. Red McCombs contends that the $2,500.00 award was incorporated into the total attorney's fees award in the final judgment along with the attorney's

---

[2] Hjella represents in his brief that he paid $2,500.00 but has not paid the other amounts ordered.

fees and costs ordered by the Order Granting Motion for Attorney's Fees. Red McCombs is correct that the earlier awards should have been incorporated into the final judgment. "When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment." *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). However, here, the final judgment does not state an award for either sanctions or attorney's fees, other than appellate attorney's fees. Instead, the final judgment orders that Red McCombs recover from Hjella "judgment for the sum of $39,615.27 in damages and costs, plus accrued prejudgment interest of $2,197.83, for a total of $41,813,10."[3] This amount of "damages and costs" is exactly equal to the amount of attorney's fees and costs sought by Red McCombs in its Motion for Attorney's Fees. This amount is also exactly equal to the $2,500.00 awarded by the trial court at the re-set hearing on the motion for attorney's fees plus $36,264.00 in attorney's fees and $851.27 in costs later awarded to Red McCombs by the Order Granting Motion for Attorney's Fees. Based on these circumstances and the parties' arguments addressing the award as an attorney's fees award, we construe the award of "damages and costs" in the final judgment as an award of attorney's fees and costs.

**Contract Basis For Attorney's Fees Award**

Hjella argues there is no basis for the attorney's fees award pursuant to section 38.001 of the Texas Civil Practice and Remedies Code because Red McCombs did not recover damages. Red McCombs does not contest that the trial court did not award damages; however, it contends that section 38.001 does not control. Red McCombs initially sought attorney's fees in its motion for summary judgment "pursuant to § 38.001 and the Service Contract." It specified at the initial hearing on its motion for attorney's fees and at the re-set hearing that the service agreement

---

[3] The word "compensatory" is crossed out before the word "damages" in the final judgment. It is apparent from the strikethrough that the phrase "compensatory damages" in an initial draft of the judgment was shortened to "damages."

provides for the recovery of attorney's fees, and it specified a contract basis for the recovery of fees in its Motion for Mandamus Attorney's Fees.

"Under Texas law, a court may award attorney's fees only when authorized by statute or by the parties' contract." *Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 87 (Tex. App.–Houston [1st Dist.] 2013, pet. denied) (citing *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009)). Section 38.001 of the Civil Practice and Remedies code allows for the recovery of attorney's fees if the claim is for an oral or written contract. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8). While Hjella is correct that section 38.001 requires the recovery of damages for any recovery of attorney's fees, "[p]arties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38's." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019). Here, the service agreement, upon which Red McCombs relies, provides: "IN THE EVENT LEGAL ACTION IS NECESSARY TO ENFORCE THIS CONTRACT, I [HJELLA] WILL PAY REASONABLE ATTORNEY'S FEES AND COURT COSTS." Nothing in this contract requires recovery of damages for an award of attorney's fees, as section 38.001 does. *See id.* Therefore, we overrule Hjella's sub-issue that there is no basis for the recovery of attorney's fees because there has been no award of damages.

**Segregation**

Last, Hjella argues that the trial court erred by awarding fees when Red McCombs failed to segregate recoverable fees from unrecoverable fees. Red McCombs responds that the fee award is supported by uncontroverted affidavits in the record.

We review a trial court's award of attorney's fees for an abuse of discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). "A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence." *Lopez v. Rocky Creek Partners, LLC*, 623 S.W.3d 510, 517 (Tex. App.—San Antonio

2021, no pet.) (citing *Bocquet*, 972 S.W.2d at 21). A party seeking to recover attorney's fees must demonstrate that the fees were reasonable and necessary, a burden which includes showing that the fees were incurred with respect to a claim that provides for the recovery of fees. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10–11 (Tex. 1991). "A recognized exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts." *Id.* at 11 (citation omitted). We review de novo the obligation to segregate fees, although the extent to which claims can be segregated poses a mixed question of law and fact. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313–14 (Tex. 2006). If a party refuses, over objection, to offer evidence segregating attorney's fees among various claims or parties, and we determine that segregation was required, then we remand the issue of attorney's fees for further consideration. *See Sterling*, 822 S.W.2d at 12.

Red McCombs filed a motion for summary judgment on four of its claims and on Hjella's counterclaims for bailment and negligence. In the motion, Red McCombs requested attorney's fees, and its counsel filed an affidavit as to reasonable and necessary attorney's fees. Counsel did not segregate fees or aver that the various claims were inextricably intertwined. *See Tony Gullo Motors*, 212 S.W.3d at 313. Red McCombs thereafter filed a Motion for Attorney's Fees, with a new affidavit from counsel. Attached to the affidavit is an itemization of services. The affidavit, however, does not state that fees were segregated by claim or that legal work on the claims was intertwined and inseparable. The itemization of services, moreover, describes work on claims other than breach of contract. A second affidavit related to appellate attorney's fees is attached to the motion. It likewise contains no statements regarding segregation of fees between claims or statements that the legal services provided were intertwined and inseparable between claims. Red

McCombs's motion for Mandamus Attorney's Fees was filed with another affidavit that does not aver to segregation of fees between claims or that the claims were inextricably intertwined.

The trial court awarded attorney's fees in a summary judgment. Red McCombs contends that its affidavits were uncontroverted by opposing affidavits that did nothing more than offer conclusory statements. *See Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372, 373 (Tex. App.—San Antonio 1999, pet. denied) (conclusory counter-affidavits on attorney's fees are insufficient to defeat summary judgment). However, Red McCombs bore the initial burden to demonstrate that its fees were incurred with respect to claims that provided for the recovery of fees. *See Sterling*, 822 S.W.2d at 10–11. Even assuming Hjella's counter-affidavits were conclusory, the objections he raised as to unsegregated fees in his responses were sufficient to require proof that the fees were incurred with respect to claims for which fees could be recovered or that an exception to segregation existed. *See id.*; *Young Yoo v. A-1 Mktg., Inc.*, No. 05-19-00031-CV, 2020 WL 7706402, at *5 (Tex. App.—Dallas Dec. 29, 2020, pet. denied) (mem. op.); *Gallagher Headquarters Ranch Dev., Ltd. v. City of San Antonio*, 269 S.W.3d 628, 642 (Tex. App.—San Antonio 2008, no pet.). Because, Red McCombs refused, over objection, to offer evidence segregating attorney's fees between claims or offer evidence supporting an exception to segregation, we remand the issue of attorney's fees for further consideration. *See Tony Gullo Motors*, 212 S.W.3d at 313; *Sterling*, 822 S.W.2d at 12; *Gallagher*, 269 S.W.3d at 643.

**CONCLUSION**

We affirm the trial court's judgment in favor of Red McCombs, but reverse the award of attorney's fees and remand for further proceedings to determine Red McCombs's entitlement to attorney's fees.[4]

Rebeca C. Martinez, Chief Justice

---

[4] Because the attorney's fees award is included within "damages and costs" on the Final Summary Judgment, we reverse the entire award of $39,615.27 in "damages and costs" as well as the accrued prejudgment interest of $2,197.83, which was based on the award of "damages and costs." *See* TEX. R. APP. P. 44.1(b) (providing for partial reversal if the error effects part of the judgment and that part is separable without unfairness to the parties). On remand, the trial court is instructed to award attorney's fees, if at all, as a separate item or items apart from costs. The judgment "should not state the amount taxed as costs, but only that costs are awarded against a certain party." *Diggs v. VSM Fin., L.L.C.*, 482 S.W.3d 672, 674 (Tex. App.—Houston [1st Dist.] 2015, no pet.). Hjella has represented that he has paid $2,500.00, which comprises a part of the attorney's fees award that we reverse. Upon proof of such payment to the trial court, the trial court is instructed to order the return of the money while the issue of attorney's fees remains outstanding.